UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Jamie Morgan,

            Plaintiff,

v.

Merrick Bank Corporation; and DOES 1-10, inclusive,

           Defendants.

Civil Action No.: _____

**14 CV 6664**

**COMPLAINT**

---

For this Complaint, the Plaintiff, Jamie Morgan, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of the Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.  The Plaintiff, Jamie Morgan ("Plaintiff"), is an adult individual residing in Henrietta, New York, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4.  The Defendant, Merrick Bank Corporation ("Merrick Bank"), is a Utah business entity with an address of 10705 South Jordan Gateway, Suite 200, South Jordan, Utah 84095, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5.  Does 1-10 (the "Agents") are individual agents employed by Merrick Bank and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be

joined as parties once their identities are disclosed through discovery.

6. Merrick Bank at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, Merrick Bank contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff.

8. At all times mentioned herein, Merrick Bank called Plaintiff's cellular telephone, number 585-xxx-0175, by using an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

9. Merrick Bank called Plaintiff from 800-599-2346.

10. When Plaintiff answered calls from Merrick Bank, she was met with a prerecorded message asking her to hold for the next available representative.

11. During a live conversation on or around October 7, 2014, Plaintiff instructed Merrick Bank to cease all communication to her cellular telephone number.

12. Despite the foregoing, Merrick Bank continued to call Plaintiff at an annoying and harassing rate.

## COUNT I
## VIOLATIONS OF TCPA –
## 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Without consent Merrick Bank contacted the Plaintiff by means of automatic telephone calls and prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

15. Merrick Bank continued to place automated calls to Plaintiff's cellular telephone

after being advised there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Merrick Bank was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Merrick Bank to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Merrick Bank's telephone system has the capacity to store numbers in a random and sequential manner.

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

    1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 20, 2014

                              Respectfully submitted,

                              By:

                              Sergei Lemberg, Esq. (SL 6331)
                              LEMBERG LAW, L.L.C.
                              300 International Drive, Suite 100
                              Williamsville, NY 14221
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              Attorneys for Plaintiff